# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MELANIE LOCKHART,**

      **Plaintiff,**

   v.                                        **Civil Action 2:19-cv-2935**
                                                      **Magistrate Judge Jolson**

**MARIETTA CITY SCHOOLS, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' unopposed Motion for Leave to File Document Under Seal. (Doc. 57). For the reasons that follow, Defendants' Motion is **DENIED**.

### I.    BACKGROUND

Defendants moved for summary judgment on September 4, 2020. (Doc. 34). On September 23, 2020, they filed a Motion for Leave to File Document Under Seal, requesting that they be permitted to file a "newly discovered" medical record as a supplemental exhibit in support of their forthcoming reply brief. (Doc. 57). The Court confirmed with Plaintiff's counsel that Plaintiff does not oppose this request. To ensure it could conduct a comprehensive inquiry pursuant to the Sixth Circuit's standard for sealing documents, the Court directed Defendants to submit the record to the Undersigned's chambers for *in camera* review. (Doc. 58). Defendants promptly did so, and upon *in camera* review, the Court concludes that Defendants should not be granted leave to file under seal.

### II.    STANDARD

A district court may enter a protective order during discovery on a mere showing of "good

cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation marks and citation omitted).

### III. DISCUSSION

Defendants seek leave to file under seal a report from Plaintiff's February 16, 2018, psychological evaluation. (*See generally* Doc. 57). They assert it "contains confidential information subject to HIPPA," as well as "information regarding [Plaintiff's] mental state near the time of the subject incident[.]" (*Id*. at 1). But Plaintiff's mental state near the time of the events in question is at the heart of this case. Indeed, Plaintiff alleges she was discriminated against based on her disability or perceived disability. (*See generally* Doc. 1). And "plaintiffs who place their medical condition at issue," as Plaintiff has done here, "waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018). In such

2

a case, "a mere reference to HIPPA does not mean that the Court should automatically grant [Plaintiff's] motion to seal." *Id.* (citations omitted).

Moreover, the medical record is highly relevant to the issues in this case. "[T]he public has a strong interest in viewing the evidence" upon which this Court could potentially "base [its] decision[], even if that evidence could be deemed privileged or protected." *Shane Grp., Inc.*, 825 F.3d at 305. In her Complaint, Plaintiff alleges she had an out-of-body experience in which she experienced visions, and Defendants, believing she had a mental disability, unlawfully terminated her as a result. (*See generally* Doc. 1). Importantly, Defendants allegedly based their decision, at least in part, on a medical evaluation she underwent at their request. (*See id.*, ¶¶ 41–48). The medical record Defendants now seek to seal consists of another psychological evaluation—this one Plaintiff sought out herself as a "second opinion." In it, Plaintiff recalls the events leading to this lawsuit, including her visions and the school district's subsequent response. It also summarizes the results of several comprehensive tests, provides professional insights into the likely effects of her mental health issues, diagnoses her with several mental health disorders, and recommends a course of treatment, including psychotherapy and medication management.

In sum, given the allegations in this case and the content of the medical record described above, the Court finds that the "public has a strong interest in viewing [this] evidence" outweighing Defendants' concern over the disclosure of sensitive medical information. *See, e.g.*, *Tyson*, 2018 WL 632063, at **1–2 (collecting cases) (denying request to seal plaintiff's "private health information" where plaintiff placed her alleged injuries at issue, and as a result, the public had a strong interest in viewing the evidence). One final note. The Court carefully reviewed the record for sensitive medical information potentially irrelevant to the issues in this case and found none.

3

And as Plaintiff's personally identifying information is already redacted, the Court finds no basis to further redact the document.

### IV. CONCLUSION

Because Defendants have failed to overcome the strong presumption in favor of openness regarding court records, their Motion for Leave to Seal (Doc. 57) is **DENIED**.

IT IS SO ORDERED.


Date: October 5, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4